**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,** :

**v.**

**Case No. 2:26-cr-4**
**Chief Judge Sarah D. Morrison**

**BYRON BANKS, *et al.*,**

**Defendants.** :

## OPINION AND ORDER

This matter is before the Court on Ashton Darks' Motion to Dismiss (Mot., ECF No. 72).[1] Mr. Darks argues that more than 70 days have passed between his arraignment and his trial date in violation of the Speedy Trial Act, so he contends that the Court must dismiss his indictment. (*Id.*) Mr. Darks is wrong, so his Motion is **DENIED**.

## I. PROCEDURAL HISTORY[2]

On January 8, 2026, the Government indicted Mr. Darks and his Co-Defendants, Byron Banks and Rhonda Sparks. (ECF No. 6.) In February, Mr. Banks and Ms. Sparks were arraigned and the Court, in Mr. Darks' absence, scheduled trial for April 20, 2026. (ECF Nos. 11, 21, 29.)

---

[1] Byron Banks also filed a motion to dismiss (ECF No. 73), but he subsequently pleaded guilty (ECF No. 79), so that motion is **DENIED as moot**.

[2] Only dates and events that are relevant to the Court's analysis are included.

After the Court set a trial date, Mr. Darks was arrested in Louisiana. (ECF No. 34.) He was transported to this district and arraigned on April 1, 2026. (ECF No. 39.) On April 9, Defendants jointly filed a motion to continue the trial date, requesting additional time to review and discuss the "voluminous discovery" with their counsel and "make an intelligent decision as to whether to proceed to trial." (ECF No. 42.) Finding that the ends of justice were served by granting the requested continuance, the Court granted the motion on April 13 and set trial for July 6, 2026. (ECF No. 43.)

On May 22, Mr. Darks filed a motion to suppress; the Government responded on June 4. (ECF Nos. 45, 46.) Mr. Banks filed a motion to suppress on June 15, which became ripe on June 30. (ECF Nos. 51, 57, 59.)

On June 24, Ms. Sparks filed a motion to continue the trial date. (ECF No. 55.) In support, Ms. Sparks' counsel stated that Ms. Sparks had been hospitalized and was "undergoing evaluation and treatment for a serious medical condition requiring emergency surgery." (*Id.*, PAGEID # 215.) Her counsel further stated that Ms. Sparks was unable to assist in preparing for trial and that her medical condition substantially impaired her ability to participate in her defense. (*Id.*) The motion provided no further information about Ms. Sparks' condition or the expected timeline for her recovery. With no apparent date certain for when Ms. Sparks could participate in her defense, her counsel requested a continuance "to a later date convenient to the Court and the parties." (*Id.*) Mr. Darks and Mr. Banks did not file objections to the continuance.

On June 24, the Court granted Ms. Sparks' motion to continue. (June 24th Order, ECF No. 56.) The Court found that the ends of justice were best served by allowing Ms. Sparks time "to sufficiently recover and meaningfully participate in these proceedings" and that the ends of justice served by granting the continuance outweighed the best interest of the public and the Defendants in a speedy trial. (*Id.*, PAGEID ## 217–18.) The Court further noted that Ms. Sparks' speedy-trial rights were tolled due to her Co-Defendants' motions to suppress. (*Id.*, PAGEID # 217.) Given the Court's findings under 18 U.S.C. § 3161(h)(7)(A), the Court granted an ends-of-justice continuance and vacated the trial date pending the Court's ruling on the motions to suppress. (*Id.*, PAGEID # 219.)

On October 23, the Court denied both motions to suppress. (ECF Nos. 64, 65.) The same day, the Court ordered the parties to confer and provide "mutually agreeable dates for trial." (ECF No. 66.) On October 29, the Court set trial for November 16, 2026. (ECF No. 67.)

On November 4, Mr. Darks filed the instant Motion to Dismiss. (ECF No. 72.) Therein, he argues that the time for bringing him to trial under the Speedy Trial Act lapsed on September 25, 2026. (Mot., PAGEID # 283.) The Court held a hearing on November 5, during which counsel for Mr. Darks and the Government presented their positions on the Motion. (ECF No. 70.) The Government contends that the time covered by the June 24th Order (June 24 to October 24) is excludable as an ends-of-justice continuance under 18 U.S.C. § 3161(h)(7)(A). Mr. Darks disagrees,

arguing that the 30-day advisement period for pretrial motions under § 3161(h)(1) controls the tolling of the speedy-trial clock as it relates to the June 24th Order.

## II. LEGAL STANDARD

The Speedy Trial Act generally requires a defendant's trial to begin within seventy days "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). When there are multiple defendants and no motion to sever has been granted, all defendants generally fall within the speedy-trial computation of the latest co-defendant. *See United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989). If a defendant is not brought to trial within the time limit required by the Act, "the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

However, the Act includes various exclusions, so not all days are included in the 70-day clock. Two exceptions are relevant here. First, any delay resulting from a pretrial motion, "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded from the speedy-trial computation. 18 U.S.C. § 3161(h)(1)(D). Second, the Act provides that any "period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel" does not count "if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

## III. ANALYSIS

Mr. Darks made his initial appearance on April 1, 2026. At that point, Defendants' speedy-trial clock started. *See Blackmon*, 874 F.2d at 380. Defendants moved to continue the trial date on April 9, which the Court granted on April 13 under 18 U.S.C. § 3161(h)(7). At that time, eight days had accrued under the Speedy Trial Act. Mr. Darks agrees that the time from the filing of the April 9 motion to the rescheduled trial date (July 6) is excludable. (Mot., PAGEID # 282.)

The central issue is how much time to exclude based on the June 24th Order.[3] In the Government's view, the entire period of the continuance (up to October 23) is excludable as an ends-of-justice continuance under § 3161(h)(7). The Court agrees.

The June 24th Order was based on an ends-of-justice finding relating to Ms. Sparks' medical emergency. Section 3161(h)(7) gives district courts the discretion to "grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and the defendant's interests in a speedy trial." *Zedner v. United States*, 547 U.S. 489, 498 (2006). The Court granted Ms. Sparks' requested continuance because it found that her physical condition prevented her from participating in the proceedings and that the ends of

[3] Mr. Darks does not address whether the June 24th Order applied to him even though only Ms. Sparks requested the continuance. To be clear, it does. *See United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009) ("[T]he excludable delay of one codefendant is excludable delay for all codefendants[.]").

justice were served by allowing her to sufficiently recover and resume her assistance in her defense. (June 24th Order, PAGEID ## 217–18.) As the Court expressly found, the failure to grant a continuance would deny Ms. Sparks "the reasonable time necessary for effective preparation" despite due diligence; that is a proper basis for granting an ends-of-justice continuance. (*Id.*, PAGEID ## 218–19.); *see also* 18 U.S.C. § 3161(h)(7)(B)(iv). Mr. Darks does not dispute that the June 24th Order contained sufficient ends-of-justice findings. The June 24th Order complied with the requirements of § 3161(h)(7).

Nor does the lack of new trial date render the June 24th Order insufficient to exclude the covered days under § 3161(h)(7). The Sixth Circuit has found that "open-ended ends-of-justice continuances for reasonable time periods are permissible in cases where it is not possible to preferably set specific end dates." *United States v. Sabino*, 274 F.3d 1053, 1065 (6th Cir. 2001); *see also United States v. Richardson*, 681 F.3d 736, 743 (6th Cir. 2012) ("[T]his Court, along with many other circuits, permits reasonable open-ended continuances."). The June 24th Order complied with Sixth Circuit precedent.

Setting trial for a date certain without knowing the extent of Ms. Sparks' medical emergency or when she could reasonably be expected to recover was impractical. *Cf. United States v. McDonald*, No. 25-3344, 2026 WL 3362224, at *6 (6th Cir. Nov. 5, 2026) (no abuse of discretion in granting an open-ended and indefinite continuance when the parties requested further time to consider a plea and the district court "faced uncertainty" about how quickly a pre-plea criminal

history report could be completed). Accordingly, the Court continued the trial until after its forthcoming ruling on the motions to suppress. Though technically "open-ended," the Court set the end of the continuance and the rescheduling of trial to the occurrence of an event certain. The Sixth Circuit has upheld open-ended ends-of-justice continuances when the length of the continuance relates to the disposition of a pending ruling. *See, e.g., United States v. Lark*, No. 25-1337, 2026 WL 1972452, at *7–8 (6th Cir. July 8, 2026) (open-ended continuance proper when trial court continued trial to await a forthcoming en banc decision from the Sixth Circuit before ruling on a motion to suppress).

The length of the continuance (approximately four months) was also reasonable. *See Richardson*, 681 F.3d at 743 (open-ended continuance reasonable when the court set a status-conference in four months to discuss rescheduling trial). Thus, the Court finds that the days covered by the June 24th Order (June 23 to October 23) are excludable under § 3161(h)(7).

Mr. Darks' counterview – that the speedy-trial clock resumed on July 29, not October 23 – is unavailing. Mr. Darks bases his calculation on § 3161(h)(1). (Mot., PAGEID # 282.) Section 3161(h)(1) provides for the "automatic exclusion" of periods of delay resulting from certain categories of proceedings concerning the defendant. *United States v. White*, 920 F.3d 1109, 1112 (6th Cir. 2019). One of those categories is for any period of delay "resulting from any pretrial motion, from the filing of the motion through" its "prompt disposition," but only for a maximum of 30 days from when the Court takes the motion under advisement. 18 U.S.C. §§ 3161(h)(1)(D), (H).

Mr. Darks argues that, because the June 24th Order "was contingent on the pending motions to suppress," § 3161(h)(1) controls, so the speedy-trial clock resumed 30 days after the motions to suppress became ripe (which he calculates as July 29). (Mot., PAGEID # 283.)

Section 3161(h)(1)'s automatic exclusion does not change the outcome here. "Regardless of whether a period of time is automatically excludable, the Speedy Trial Act allows for a continuance whenever the judge finds 'that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *White*, 920 F.3d at 1115 (quoting 18 U.S.C. § 3161(h)(7)(A)). Whether the filing of the motions to suppress would have automatically tolled the speedy-trial clock until July 29 is irrelevant because the Court granted an ends-of-justice continuance that covered the same time period (and beyond). *See, e.g., United States v. Anderson*, 695 F.3d 390, 397 (6th Cir. 2012), *overruled on other grounds by United States v. Burris*, 912 F.3d 386 (6th Cir. 2019) (finding no speedy-trial violation when, although the defendant argued that the speedy trial clock began to run after ruling on his motion to suppress, the trial court ordered an ends-of-justice continuance prior to the disposition of that motion that continued to the trial date). Said differently, the tolling resulting from the ends-of-justice continuance – which is independent of any automatic exclusion under § 3161(h)(1) – controls.

Thus, the entire period covered by the June 24th ends-of-justice continuance is excludable. Accordingly, the following dates are excluded under the Speedy Trial Act computation:

1. April 9, 2026 to April 13, 2026, pursuant to 18 U.S.C. § 3161(h)(1)(D) (ECF No. 42);

2. April 13, 2026 to June 24, 2026, pursuant to 18 U.S.C. § 3161(h)(7) (ECF No. 43);

3. June 24, 2026 to October 23, 2026, pursuant to 18 U.S.C. § 3161(h)(7) (ECF No. 56); and

4. November 4, 2026 to November 6, 2026, pursuant to 18 U.S.C. § 3161(h)(1)(D) (ECF No. 72).

Based on the above findings, the total of non-excludable days between Mr. Darks' arraignment and the November 16, 2026 trial date is 29 (8 (April 1 to April 8) + 11 (October 24 to November 3) + 10 (November 7 to November 16) = 29). Because that time does not exceed the limit set by the Speedy Trial Act, Mr. Darks is not entitled to dismissal of his indictment. His Motion is thus **DENIED**.

## IV. CONCLUSION

For the reasons stated herein, the Motion (ECF No. 72) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**